{¶ 59} I respectfully dissent.
 {¶ 60} Thompson contends in his third assignment of error that his attorney's representation was ineffective because he failed to object to testimony elicited from the detective by the prosecution regarding the *Page 31 
credibility and veracity of the victim's initial denial of sexual relations with Thompson.
 {¶ 61} "An expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant." State v. Boston
(1989), 46 Ohio St.3d 108, syllabus (modified on other grounds). "[A] trial court errs when it permits a lay witness to testify concerning another witness's veracity." State v. Kovac, Montgomery App. No. 18662, 2002-Ohio-6784. "This rule recognizes that the fact-finder is charged with determining the veracity and credibility of witnesses." State v.Kincaid (Oct. 18, 1995), Lorain App. No. 94CA005942. The Ohio Supreme Court has stated that a witness's testimony regarding the truthfulness of a child victim's statements about sexual abuse were "not only improper" but "egregious, prejudicial and constitutes reversible error."Boston, supra, at 128.
 {¶ 62} This rule is especially true regarding the testimony of police officers, even when testifying as lay witnesses, because "jurors are likely to perceive police officers as expert witnesses, especially when such officers are giving opinions about the present case based upon their previous experiences with other cases." State v. Miller (Jan. 26, 2001), Montgomery App. No. 18102. Ohio courts have held that a trial attorney's failure to object to testimony regarding a child victim's credibility constitutes *Page 32 
ineffective assistance of counsel, because such failure falls "below an objective standard of reasonable representation." State v. Dale (July 14, 1992), Greene App. No. 91-CA-25.
 {¶ 63} Here, Thompson objects to the following testimony:
 Q. At that first interview that you had with her, is it fair to say that Megan denied any sexual contact with Danny Thompson?
 A. Yes.
 Q. Did you believe that she was telling you the truth at that time?
 A. No, I did not.
 Q. Why?
 A. Due to the indicators that I had received from her in speaking with her, I knew that there was more going on than she let on. I've interviewed quite a few children, had a lot of training in interviewing children, and she just was giving indicators that led me to believe she was not being completely honest with me.
 {¶ 64} While this testimony concerns the detective's belief that the victim's initial statements were false, this testimony necessarily informs the jury that she believed the victim's later statements that she had sex with Thompson.
 {¶ 65} The admission of this testimony was not harmless either. Such testimony can be deemed "harmless beyond a reasonable doubt," *Page 33 
and such a "conclusion is warranted if the victim testifies and is subject to cross-examination, the state introduces substantial medical evidence of sexual abuse, and the [witness's] testimony is cumulative to other evidence." Kincaid, supra. "[A] finding of harmless error is not justified if the case is a `credibility contest' between the victim and the defendant." Id., citing State v. Burrell (1993), 89 Ohio App.3d 737,746.
 {¶ 66} Here, the victim did testify and was subject to cross-examination. However, the state did not present any medical evidence at trial. In addition, the case was essentially a credibility contest between Thompson and the victim. In order for the jury to convict Thompson, they would have to disbelieve the victim's initial statement to the detective denying a sexual relationship with Thompson and believe the victim's trial testimony. Further, the jury would have to disbelieve Thompson's trial testimony and believe his admission and confession to the detective.
 {¶ 67} Because Thompson's trial counsel did not object to this highly prejudicial and egregious testimony from Detective Smithberger regarding the credibility of the victim, and because the admission of such testimony is not harmless error, it rendered Thompson's trial *Page 34 
fundamentally unfair. See Dale. Therefore, Thompson's trial counsel was ineffective.
 {¶ 68} Accordingly, I would sustain Thompson's third assignment of error. I would overrule Thompson's first assignment of error as it relates to the sufficiency of the evidence. I would find all of his remaining arguments moot.
 {¶ 69} Thus, I dissent. *Page 35 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion with Opinion.
 Kline, J.: Dissents with Opinion. *Page 1